IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**William Bleigh**,                :

    Petitioner,          :   Civil Action 2:11-cv-628

 v.                             :   Judge George C. Smith

**Timothy Brunsman, Warden,**      :   Magistrate Judge Kemp
**Lebanon Correctional**
**Institution,**                   :

    Respondent.          :

<u>OPINION AND ORDER</u>

This matter is before the Court on Petitioner William Bleigh's objections to a Report and Recommendation issued by the Magistrate Judge on February 29, 2012.  The Court, having reviewed the record *de novo*, finds for the reasons set out below that the objections to the Report and Recommendation are without merit.  Mr. Bleigh's objections (Doc. 19) are **OVERRULED** and the **Report and Recommendation** (Doc. 15) is **ADOPTED**.  Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED**.

I.  PROCEDURAL BACKGROUND

On February 29, 2012, the Magistrate Judge recommended denying Mr. Bleigh's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, including his request for appointment of an expert.  That recommendation was based on the fact that Mr. Bleigh (who was convicted of various sexually-oriented offenses and given a lengthy prison term) filed an

1

untimely appeal of his conviction with the Ohio Supreme Court, and that court refused to consider the merits of any of his claims because of the late filing. The Report and Recommendation concluded that Mr. Bleigh had, for that reason, procedurally defaulted all of his claims.

## II. LEGAL STANDARD

When objections are received to a Magistrate Judge's Report and Recommendation on a dispositive matter, the assigned District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b). After review, the District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.; see also* 28 U.S.C. §636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

## III. DISCUSSION

The Court reviews *de novo* the Magistrate Judge's recommended conclusion that Mr. Bleigh's petition for habeas corpus be dismissed on procedural default grounds.

The Magistrate Judge applied this Circuit's four-part analysis to determine whether Mr. Bleigh's failure to observe a state procedural rule – namely the rule governing the timely

filing of an appeal to the Ohio Supreme Court – led to a procedural default. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Mr. Bleigh's objections to this analysis are directed to the third and fourth prongs of the *Maupin* test.

The third prong of the *Maupin* test requires a federal court to determine whether the state enforced a procedural rule and whether "the state judgment rests on a state-law ground that is both independent of the merits of the federal claim and an adequate basis for the state court's decision." *Stone v. Moore*, 644 F.3d 342, 345 (6th Cir. 2011) (internal quotations and citations omitted). Mr. Bleigh argues that the Report and Recommendation erred in determining that Rule of Practice of the Ohio Supreme Court II, Section 2(A)(1) & (A)(4), which requires a criminal defendant to file an appeal to that court within 45 days of the state appellate court decision, constituted an independent and adequate state-law ground for denying his claims. In particular, he reasserts his argument that in order to be an adequate ground, the rule of practice at issue must be applied in the "vast majority of cases" pursuant to *Dugger v. Adams*, 489 U.S. 401, 410 n.6 (1989).

As the Magistrate Judge explained, *Dugger* does not set forth a requirement that procedural rules must be applied in the vast majority of cases in order to be adequate procedural grounds. To the extent that *Dugger* could be read to suggest such a requirement, the Supreme Court's recent decision in *Walker v.*

*Martin*, confirms that there is no requirement that procedural rules be applied in the vast majority of cases in order to be adequate procedural grounds.  131 S. Ct. 1120, 1128-29, 1131 (2011) (considering an empirical analysis demonstrating that the procedural rule at issue was *not* applied in the vast majority of instances and holding that the timeliness bar was an adequate ground in that it was "firmly established and regularly followed") (citations omitted).  Because there is no requirement that procedural rules be applied in the vast majority of cases, Mr. Bleigh's evidence about how often the Ohio Supreme Court actually applies the 45-day rule for appeals is not relevant.

Mr. Bleigh also argues that the Magistrate Judge relied too heavily on *Walker* and ignored *Deitz v. Money*, 391 F.3d 804 (6th Cir. 2004) and *Hutchinson v. Bell*, 303 F.3d 720 (6th Cir. 2002).  Because *Walker* is binding precedent, it must be followed and the Magistrate Judge did not err in doing so.  Mr. Bleigh cited to *Deitz v. Money* and *Hutchinson v. Bell* for the proposition that discretionary rules like the one involved here are not firmly established and regularly followed, but that proposition is no longer good law after the Supreme Court's decisions in *Beard v. Kindler*, 130 S. Ct. 612, 615 (2009) and *Walker*.  *See Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011) (noting that *Deitz v. Money* was abrogated by *Beard* and *Walker* and explaining: "*Beard* and *Walker*, when read together, permit a state procedural rule to serve as an adequate state ground for preventing review of a

habeas petition even if the state procedural rule accords courts broad discretion.").

Mr. Bleigh also objects to the Report and Recommendation's analysis under the fourth prong of the procedural default analysis. The fourth prong asks whether there was cause for petitioner not to follow the procedural rule and actual prejudice caused by the alleged constitutional error. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Mr. Bleigh argues that there was cause for his delay in appealing to the Ohio Supreme Court (1) because the clerk of court for the trial court and his counsel both failed to inform him that there had been a ruling in his case and (2) because his counsel failed to inform him that he was responsible for filing any appeal of that ruling *pro se*. The Magistrate Judge recommended holding that regardless of whether Mr. Bleigh could demonstrate cause for his failure to follow the procedural rule, he had not demonstrated actual prejudice. The Magistrate Judge's recommendation was based primarily on his determination that Mr. Bleigh would have known of the outcome of his appeal by, at the latest, his re-sentencing following that appeal. In light of the importance of that determination, this Court issued an Order dated July 12, 2012, ordering Respondent to brief the question of when Mr. Bleigh learned of the outcome of his direct appeal and providing that Mr. Bleigh could file a reply brief. Both parties filed supplemental briefs, and Respondent filed a copy of the transcript of Mr. Bleigh's re-

sentencing.

    Mr. Bleigh's direct appeal was decided on March 22, 2010. All of his assignments of error in that appeal, except one, which was directed to his sentence, were overruled, and the case was remanded to the trial court so that it could merge certain counts for sentencing purposes.  He was re-sentenced on April 23, 2010 and the entry of re-sentencing was journalized on May 10, 2010. In the transcript of the re-sentencing, the court notes that "Mr. Bleigh [was] in open court accompanied by his counsel William Cramer."  (Tr., Doc. # 21-1, at 3:4-5.)  The court further summarizes the procedural history as follows: "The matter is before the court for resentencing.  The defendant was found guilty by a jury back on January 9, 2009, he was sentenced on March 13, 2009; the court of appeals remanded the matter back for resentencing because the court had determined that certain offenses were of allied offenses of similar import, therefore they should merge.  The court ordered a concurrent sentence in those cases.  The court of appeals says however there should be no sentence in those cases."  (*Id.* at 3:7-16.)  The court then proceeded to re-sentence Mr. Bleigh in accordance with the ruling by the court of appeals.  The court also provided Mr. Bleigh with an opportunity to speak and asked him if he understood certain aspects of his sentence.  (*Id.* at 10:19-13:3.)

    The transcript demonstrates that the court did, in fact, inform Mr. Bleigh that the court of appeals had ruled and

remanded his case to the trial court for re-sentencing. In his reply brief, Mr. Bleigh essentially argues that he did not understand that the appeal had been resolved, or at least he did not understand that he had to take any action as a result of that resolution. (Petitioner's Mem., Doc. # 22, at 1-2.) While it may be true that Mr. Bleigh did not understand the import of what the court told him, the cause and prejudice analysis considers objective factors that impeded compliance with the procedural rule at issue and not subjective factors. *See, e.g., Murray v. Carrier*, 477 U.S. 478, 488 (1986) (in order to demonstrate cause for procedural default there must ordinarily be "some objective factor external to the defense") *cited in Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Mr. Bleigh's understanding or lack of understanding of the law and procedural requirements does not establish cause to excuse a procedural default. *See, e.g., Bonilla*, 370 F.3d at 498 (ignorance of the law and procedural requirements is insufficient to establish cause to excuse procedural default).

Therefore, as the Report and Recommendation noted, when determining the actual cause of a petitioner's failure to follow a procedural rule, the Sixth Circuit applies "a rebuttable presumption that if the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is *greater* than the period allotted by state law for the timely filing of an appeal – here, forty-five days - the

defendant fails to demonstrate that he or she 'would have timely appealed' the decision but for the counsel's deficient failure to notify the defendant of the decision." *Smith v. Ohio Department of Rehabilitation & Correction*, 463 F.3d 426, 432-35 (6th Cir. 2006). Mr. Bleigh did not file his motion for delayed appeal until more than ten months after his re-sentencing. (Pet.'s Objs. at 4.) Accordingly, even if counsel and the clerk of court failed to inform him that there had been a ruling in his case, such failure was not prejudicial because it did not "actually cause the forfeiture of the [petitioner's] appeal." *Smith*, 463 F.3d at 435 (internal citations and quotations omitted).

Mr. Bleigh's second argument is that his appellate counsel was constitutionally ineffective by not informing Mr. Bleigh that he was responsible for filing any appeal of his re-sentencing *pro se*. This argument also fails. A petitioner cannot claim constitutionally ineffective assistance of counsel in a proceeding for which he or she has no right to counsel. *Coleman v. Thompson*, 501 U.S. 722, 757 (1991). Mr. Bleigh had no constitutional right to counsel for any appeal except for his first direct appeal. *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *see also Thompson v. Warden, Ross Corr. Inst.*, 2:10-CV-00040, 2012 WL 1564356, *4 (S.D. Ohio May 3, 2012) ("There is no constitutional right to counsel in a direct appeal to the Ohio Supreme Court.") (citations omitted); *Wilson v. Hurley*, 382 F. App'x 471, 478 (6th Cir. 2010) (there is no

constitutional right to counsel in pursuing a Rule 26(B) application).  Whether counsel informed Mr. Bleigh that he was responsible for filing any subsequent appeals is a question that relates to proceedings for which he had no Sixth Amendment right to an attorney.  *See, e.g.*, *Wilson v. Hurley*, 382 F. App'x. 471, 478-79 (6th Cir. 2010) (distinguishing *Smith* and holding that unlike informing petitioner of the outcome of the first appeal, informing petitioner of the time requirements for filing an application for reopening the appeal "does not relate to the continuation of the direct appeal [but rather] to an independent, collateral proceeding.") (citation omitted).  Accordingly, any such failure cannot constitute "cause" sufficient to excuse a procedural default.

 Mr. Bleigh also contends that his procedural default should be excused because he is actually innocent.  "The United States Supreme Court has held that a claim of actual innocence can be raised 'to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims.'" *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995)).  In order to raise such a claim of actual innocence, the petitioner must present "'new facts rais[ing] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'"  *Id.* at 590 (quoting *Schlup*, 513 U.S. at 317).  Mr. Bleigh has presented no such new facts and cannot demonstrate actual innocence for

purposes of excusing his procedural default.  Instead, Mr. Bleigh has requested the appointment of an expert analyst in order to obtain new facts and the appointment of counsel to assist in the collection and presentation of the expert's findings.

Mr. Bleigh requests appointment of an expert to analyze the photographs at issue in the case to determine whether the male genitals in those pictures belong to Mr. Bleigh.  Mr. Bleigh also seeks appointment of counsel.  The Court reviews those requests *de novo*.  "Habeas petitioners have no right to automatic discovery."  *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).  Rule 6(a) of the Rules Governing § 2254 Cases provides: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.  If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." "The burden of demonstrating the materiality of information requested is on the moving party."  *Stanford*, 266 F.3d at 460.  A district court may permit discovery if the "petitioner presents specific allegations showing reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate."  *Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009) (citations and internal quotations omitted).

In this case, Mr. Bleigh argues that "[t]he jury, in essense

-10-

[sic], convicted this Petitioner on only the word of the alleged victim that the genitals in the photographs were his.  The only support of this assertion is from the Detective in the case who literally testified as an expert witness in genitalia identification, that the genitals in the photographs were in fact those of the Petitioner." (Pet.'s Objs. at 8.)  In discussing the Detective's inspection of genitals, Mr. Bleigh says "any such onspection [sic] is just junnk [sic] science with no basis in fact as no such science exists." (*Id.*)  Upon considering Mr. Bleigh's arguments and in light of the totality of the evidence presented at trial (*see State v. Bleigh*, Fifth Dist. No. 09-CAA-03-0031, 2010 Ohio 1182, 2010 WL 1076253, at ¶¶ 2-38 (Ohio Ct. App. May 22, 2010)), this Court does not find good cause to authorize the appointment of an expert of the type described by Mr. Bleigh.  This Court also does not find good cause to appoint counsel to assist Mr. Bleigh with this habeas case.

**IV. DISPOSITION**

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **OVERRULES** Petitioner's objections (Doc. 19) and **ADOPTS** the Report and Recommendation (Doc. 15). Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED**.

      **IT IS SO ORDERED.**

                                   */s/ George C. Smith*
                                   George C. Smith
                                   United States District Judge